## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOHN FUNDOCK** | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| **IMMEDIATE MEDICAL CARE** | : | |
| **CENTER, INC. d/b/a HARTFORD** | : | |
| **MEDICAL GROUP, HHC** | : | |
| **PHYSICIANSCARE, INC. d/b/a** | : | |
| **HARTFORD MEDICAL GROUP,** | : | |
| **HARTFORD HEALTHCARE** | : | |
| **CORPORATION, RITA** | : | May 1, 2015 |
| **PARISI and KENT STAHL** | : | |
| Defendants. | : | |

### NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Immediate Medical Care Center, Inc., HHC PhysiciansCare, Inc., Hartford Healthcare Corporation, Rita Parisi and Kent Stahl (collectively "Defendants"), by and through their counsel, file this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1441 and 1446 and hereby remove this action from the State of Connecticut Superior Court, Judicial District of Hartford at Hartford to the United States District Court for the District of Connecticut. As its reasons for removal, Defendants state:

1. By Summons and Complaint, Plaintiff John Fundock ("Plaintiff") commenced a civil action against Defendants in Connecticut Superior Court titled *John Fundock v. Immediate Medical Care Center, Inc. d/b/a Hartford Medical Group, HHC PhysiciansCare, Inc. d/b/a Hartford Medical Group, Hartford Healthcare Corporation,*

*Rita Parisi and Kent Stahl,* Docket No. HHD-CV15-6058615-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendants is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).

2.      The instant Notice of Removal is being filed within 30 days of the date on which Defendants were served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because of the existence of a federal question in that Plaintiff has alleged a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* *See, e.g., Spencer v. Duncaster, Inc.*, 314cv1189, 2014 U.S. Dist. LEXIS 146745, at *9 (D. Conn. Oct. 15, 2014) ("it was plain from the start that plaintiff's allegation of a federal [discrimination] claim sufficed to create federal subject-matter jurisdiction."); *Koestner v. Derby Cellular Products*, 518 F. Supp. 2d 397 (D. Conn. 2007) (removal based on federal question jurisdiction because plaintiff pled an ADEA claim).

4.      Because the requirements for federal question jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. §§ 1331. The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

5.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

6.     Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Hartford.  28 U.S.C. § 1446(d).

7.     A Civil Cover Sheet and filing fee of $400.00 are enclosed with this Notice of Removal.

8.     By filing this Notice of Removal, Defendants do not waive any defenses available to it at law, in equity or otherwise, or concede that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the above-captioned matter now pending in the Superior Court, Judicial District of Hartford at Hartford, Connecticut be removed to this Court.

Respectfully submitted,

IMMEDIATE MEDICAL CARE CENTER, INC. d/b/a HARTFORD MEDICAL GROUP, HHC PHYSICIANSCARE, INC. d/b/a HARTFORD MEDICAL GROUP, HARTFORD HEALTHCARE CORPORATION, RITA PARISI and KENT STAHL

/s/ Elizabeth R. McKenna_____
Lori B. Alexander (CT08970)
Elizabeth R. McKenna (CT28113)
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
emckenna@littler.com

3.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2015, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

    Matthew Gordon, Esq.
    Matthew Dallas Gordon, LLC
    836 Farmington Avenue, Suite 221A
    West Hartford, CT 06119

    *Counsel for Plaintiff John Fundock*

                              /s/ Elizabeth R. McKenna_____
                              Elizabeth R. McKenna

# Exhibit A

 CT Corporation

**Service of Process Transmittal**
04/03/2015
CT Log Number 526876199

TO:     Elizabeth DeSanto, Director of Clinical Risk and Claims
        MidState Medical Center
        453 Lewis Avenue
        Meriden, CT 06451

RE:     **Process Served in Connecticut**

FOR:    Immediate Medical Care Center, Inc. (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Fundock, Pltf. vs. Immediate Medical Care Center, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Attachment, Summons, Continuation, Complaint, Statement, Release(s) |
| **COURT/AGENCY:** | Hartford at Hartford Superior Court Judicial District, CT |
| | Case # None |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/03/2015 at 09:15 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 04/21/2015 |
| **ATTORNEY(S) / SENDER(S):** | Matthew D. Gordon |
| | Matthew Dallas Gordon, LLC |
| | 836 Farmington Avenue |
| | Ste 221A |
| | West Hartford, CT 06119 |
| | 860-523-0471 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 780449063849 |
| | Image SOP |
| | Email Notification, Elizabeth DeSanto Elizabeth.DeSanto@hhchealth.org |
| | Email Notification, Kiersten Craig Kiersten.Craig@hhchealth.org |
| | Email Notification, Legal Support Legal.Support@hhchealth.org |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | One Corporate Center |
| | Hartford, CT 06103-3220 |
| **TELEPHONE:** | 860-724-9044 |

Page 1 of  1 / TT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Commercial Recording Division                                                     4/2/15, 5:41 PM

## Business Inquiry                               HOME     HELP

### Business Details

| | |
|---|---|
| Business Name: | **IMMEDIATE MEDICAL CARE CENTER, INC.** |
| Business ID: | **0142177** |
| Business Address: | **200 RETREAT AVENUE, 8TH FLOOR RESEARCH BLDG., HARTFORD, CT, 06106** |
| Mailing Address: | **2OO RETREAT AVENUE, 8TH FLOOR RESEARCH BLDG., HARTFORD, CT, 06106** |
| Date Inc/Registration: | **Apr 26, 1983** |

| | |
|---|---|
| Citizenship/State Inc: | **Domestic/CT** |
| Last Report Filed Year: | **2014** |
| Business Type: | **Stock** |
| Business Status: | **Active** |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| ELLIOT T. JOSEPH DIRECTOR | 80 SEYMOUR ST, P. O. BOX 5037, HARTFORD, CT, 06102 | 3 SUNNINGDALE, FARMINGTON, CT, 06032 |
| THOMAS MARCHOZZI TREASURER, DIRECTOR | 80 SEYMOUR ST, P. O. BOX 5037, HARTFORD, CT, 06102 | 19 HASKINS ROAD, WINDSOR, CT, 06095 |
| KENT STAHL, MD DIRECTOR | 80 SEYMOUR STREET, P.O. BOX 5037, HARTFORD, CT, 06102 | 30 MOUNTAIN VIEW DRIVE, WEST HARTFORD, CT, 06117 |

View All Principals(11)

### Agent Summary

| | |
|---|---|
| Agent Name | **C T CORPORATION SYSTEM** |
| Agent Business Address | **ONE CORPORATE CENTER, HARTFORD, CT, 06103-3220** |
| Agent Residence Address | **NONE** |

Back    View Filing History    View Name History    View Shares

| **SUMMONS - CIVIL** | **STATE OF CONNECTICUT** | |
|---|---|---|
| JD-CV-1  Rev. 9-14 | **SUPERIOR COURT** | **See other side for instructions** |
| C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | www.jud.ct.gov | |

| | |
|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500. | **TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.** |
| ☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more. | |
| ☒ "X" if claiming other relief in addition to or in lieu of money or damages. | |

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* | | |
|---|---|---|---|---|
| 95 Washington Street, Hartford 06106 | ( 860 ) 548-2700 | April | 21 | 2 015 |
| | | Month | Day | Year |

| ☒ Judicial District | | G.A. Number: | At *(Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|---|
| ☐ Housing Session | | | Hartford | Major: **M** | Minor: **90** |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Matthew Dallas Gordon LLC | 423852 |

| Telephone number *(with area code)* | Signature of Plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 523-0471 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 *(if agreed to)* pleadings@mdgordonlaw.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 5 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|---|
| First Plaintiff | Name: Address: | Fundock, John 5 Pond View Road, Bolton, CT 06043 | P-01 |
| Additional Plaintiff | Name: Address: | | P-02 |
| First Defendant | Name: Address: | Immediate Medical Care Center, Inc. d/b/a Hartford Medical Group, 200 Retreat Ave., 8th Floor Research Bldg., Hartford, 06106  AGENT: C T Corporation System, Once Corporate Center, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name: Address: | HHC PhysiciansCare, Inc. d/b/a Hartford HealthCare Medical Group, 80 Seymour St., Hartford, CT 06102  AGENT: C T Corporation System, One Corporate Center, Hartford, CT 06103 | D-02 |
| Additional Defendant | Name: Address: | Hartford HealthCare Corporation, One State Street, Suite 19, Hartford, CT 06103  AGENT: C T Corporation System, One Corporate Center, Hartford, CT 06103 | D-03 |
| Additional Defendant | Name: Address: | Parisi, Rita 15 Benton Drive, Bloomfield, CT 06002 | D-04 |

### Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Matthew D. Gordon | Date signed 04/01/2015 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | A TRUE COPY ATTEST: |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | EDWARD W. JURGELAS CONNECTICUT STATE MARSHAL HARTFORD COUNTY |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | | Date |
|---|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| Nicholas Ouellette, 836 Farmington Ave., 221A, West Hartford 06119 | | |

| Signed *(Official taking recognizance, "X" proper box)* | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Date 04/02/2015 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**Fundock, John**

First named Defendant *(Last, First, Middle Initial)*
**Immediate Medical Care Center, Inc. d/b/a Hartford Medical Group**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Stahl, Kent, 30 Mountain View Drive, West Hartford, CT 06117** | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | 12 | |
| | 13 | |
| | 14 | |

FOR COURT USE ONLY - File Date

Docket number

**CIVIL SUMMONS-Continuation**

Print Form                    Reset Form

RETURN DATE: APRIL 21, 2015       : **SUPERIOR COURT**

**JOHN FUNDOCK**                : **J.D. OF HARTFORD**

**V.**                             : **AT HARTFORD**

**IMMEDIATE MEDICAL CARE CENTER, INC.,**  : **APRIL 2, 2015**
**D/B/A HARTFORD MEDICAL GROUP, ET AL.**

## COMPLAINT

**I.**     **FIRST COUNT – DISCRIMINATORY ACTION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. 621-634 AS TO THE MEDICAL GROUPS**

     1.     The plaintiff, John Fundock ("Fundock") was born on January 27, 1952, is

a resident of the State of Connecticut, and resides at 5 Pond View Road, Bolton,

Connecticut.

     2.     The defendant, Immediate Medical Care Center, Inc. d/b/a Hartford

Medical Group, ("IMCC"), is a corporation organized and existing under the laws of the

State of Connecticut with a principal place of business located at 200 Retreat Avenue,

8th Floor Research Building, Hartford, Connecticut.

     3.     The defendant, HHC PhysiciansCare, Inc. d/b/a Hartford HealthCare

Medical Group (together with IMCC, the "Medical Groups"), is a corporation organized

and existing under the laws of the State of Connecticut with a principal place of

business located at 80 Seymour Street, Hartford, Connecticut.

4.     The defendant, Hartford HealthCare Corporation ("HHCC"), is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at One State Street, Suite 19, Hartford, Connecticut.

5.     The defendant, Rita Parisi ("Parisi"), is a resident of the State of Connecticut and resides at 15 Benton Drive, Bloomfield, Connecticut

6.     At all times relevant to this litigation, Parisi was the chief executive officer of the Eastern Rehab Network and the vice president of HHCC, and is familiar with the privacy standards set forth in the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d *et seq.*, a comprehensive legislative and regulatory scheme designed to, inter alia, protect the privacy of patients' health information given emerging advances in information technology (hereinafter, "HIPAA").

7.     The defendant, Kent Stahl ("Stahl"), is a resident of the State of Connecticut and resides at 30 Mountain View Drive, West Hartford, Connecticut.

8.     At all times relevant to this litigation, Stahl was the chief executive officer of the Medical Groups and a vice president of HHCC and familiar with the privacy standards set forth in the HIPAA.

9.     The Medical Groups, separately and/or jointly, employ more than twenty persons.

10.    Fundock began working for the Medical Groups on or about July 1996 as a Practice Administrator, and on the date of his termination, was the Chief Operating Officer of IMCC.

11.    From 1997 through 2011, Fundock received employee ratings as "Exceptional," "Exemplary," and "Exceeds Expectations."

2

12.     In mid-May, 2012, Fundock received a large bonus for good performance.

13.     On or about May 21, 2012, during a meeting with Stahl, Fundock was informed that he had no future with the Medical Groups. At that meeting, Stahl told Fundock that, at this stage in his career, Fundock should be spending more time with his family.

14.     Stahl informed Fundock that he was going to be terminated on June 30, 2012. However, by signing a severance agreement, Fundock was permitted to work until December 31, 2012, but with severely limited work duties.

15.     In June 2012, Fundock filed a claim under the Workers' Compensation Act, *Conn. Gen. Stat.* §§ 31-275, *et seq.*, relating to a shoulder injury (hereinafter, the Workers' Compensation Claim."

16.     On December 31, 2012, Fundock was terminated by the Defendants.

17.     Fundock was terminated by the Medical Groups in violation of its progressive disciplinary policies, and without having been given any written or verbal warnings. Fundock was terminated without being given a reason for his termination.

18.     In February of 2013, Fundock learned that he was replaced by a younger female employee, whose age was approximately 40 years old, and which employee was less qualified than Fundock. The employee was hired as a chief operating officer in the Medical Groups, and on information and belief, the employee that was hired in lieu of Fundock no longer holds the chief operating officer position.

19.     On or about April 15, 2013, Fundock filed his initial complaint and affidavit of discrimination with the Connecticut Commission on Human Rights and Opportunities (the "CHRO Complaint").

3

20.     On or about September 17, 2013, Fundock amended his initial CHRO complaint.

21.     On or about March 27, 2015, Fundock exhausted his administrative remedies and obtained a release of jurisdiction from the CHRO. A copy of the release of jurisdiction and the amended version of the same is attached as Exhibit A.

22.     The Medical Groups' termination of Fundock constitutes a violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621-634.

23.     As a result of the Medical Groups' violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621-634, Fundock has incurred, and continues to incur, lost wages, lost benefits, costs and expenses, including legal fees and costs of bringing this action.

24.     As a further result of the defendant Medical Groups' conduct, Fundock has suffered and continues to suffer permanent loss of career opportunities, loss of self-esteem, humiliation, and embarrassment, as well as suffering severe and extreme physical and emotional distress.

II.     **SECOND COUNT – DISCRIMINATORY ACTION IN VIOLATION OF *CONN. GEN. STAT.* § 46A-60(A)(1) AS TO THE MEDICAL GROUPS**

1-21.   Paragraphs 1-21 of the First Count are incorporated as Paragraphs 1-21 of this Second Count as if fully set forth herein.

22.     The Medical Groups' termination of Fundock because of his age constitutes a violation of the *Conn. Gen. Stat.* § 46a-60(a)(1).

4

23.     As a result of the Medical Groups' violation of the *Conn. Gen. Stat.* § 46a-60(a)(1), Fundock has incurred, and continues to incur, lost wages, lost benefits, costs and expenses, including legal fees and costs of bringing this action.

24.     As a further result of the defendant Medical Groups' conduct, Fundock has suffered and continues to suffer permanent loss of career opportunities, loss of self-esteem, humiliation, and embarrassment, as well as suffering severe and extreme physical and emotional distress.

**III.     THIRD COUNT – INTENTION TO WRONGLY DELAY AND DEPRIVE FUNDOCK OF WORKERS' COMPENSATION BENEFITS IN VIOLATION OF *CONN. GEN. STAT.* §§ 31-290c(a) AS TO THE MEDICAL GROUPS, HHCC, PARISI AND STAHL**

1-21.     Paragraphs 1-21 of the First Count are incorporated as Paragraphs 1-21 of this Third Count as if fully set forth herein.

22.     On May 5, 2013, Fundock attempted to email private medical information to his Workers' Compensation Claim attorney, Cori Webber, and her office assistant, Rebekah Poppel. The email had the subject line, "re: updates from this week," and included the salutation, "Hi Cori and Rebekah," and contained both content and attachments regarding Fundock's medical conditions.

23.     On May 6, 2013, Parisi replied to Fundock's email which had been inadvertently sent to her. Parisi wrote, "John, I think you sent this to me by mistake. I will delete from my e mail. I hope all is well with you and family."

24.     On May 6, 2013, Parisi (contrary to her representation to Fundock that she would delete his confidential communication) forwarded Fundock's private health information to Stahl after which Stahl reviewed the contents of the communication.

5

23. At the time that Parisi forwarded Fundock's medical information to Stahl, Parisi knew or should have known that Fundock's medical information was private, and protected under HIPPA.

24. At the time that Stahl received Fundock's medical information, Stahl knew or should have known that he was overseeing the Medical Groups' defense against Fundock's Workers' Compensation Claim.

25. Parisi, Stahl, the Medical Groups, and HHCC intentionally misrepresented and/or failed to disclose their use of Fundock's private medical information in order to wrongfully delay and/or deny Fundock benefits to which he was entitled to pursuant to his Workers' Compensation Claim.

26. Parisi, Stahl, and the Medical Groups intended to use Fundock's private medical information in order to wrongfully delay and/or deny him benefits to which he was entitled to pursuant to his Workers' Compensation Claim.

27. The actions of Parisi, Stahl, and the Medical Groups, as described above, were in violation of *Conn. Gen. Stat.* §§ 31-290c(a), and Fundock suffered damages.

## IV. FOURTH COUNT – BREACH OF CONTRACT AS TO THE MEDICAL GROUPS AND HHCC

1-26. Paragraphs 1-27 of the Third Count are incorporated as Paragraphs 1-27 of this Fourth Count as if fully set forth herein.

28. The Privacy Policies of the Medical Groups and/or HHCC provide, inter alia, that patients have the right to ask to be contacted in a specific way and that the Medical Groups and/or HHCC not share their medical information with anyone.

29.     In 2012 through 2014, Fundock engaged the Medical Groups and/or HHCC to provide him with medical care and as part of the registration procedures, Fundock filled out the Medical Groups' and/or HHCC's privacy practices forms on which he indicated that the Medical Groups and/or HHCC were not permitted to speak with anyone but him about the medical care and the results of the testing. Fundock also provided a specific private cell phone number for the Medical Groups and/or HHCC to use when discussing any and all health care issues with him.

30.     On May 2, 2014, an agent or employee of the Medical Groups and/or HHCC attempted to call Fundock at a phone number not listed by him on the privacy practices forms. A person other than Fundock answered the phone, and the agent or employee of the Medical Groups and/or HHCC discussed Fundock's confidential medical results with an individual who was not Fundock.

31.     The Medical Groups and HHCC breached the contract with Fundock by providing his medical information to another person, contrary to the express written instructions of Fundock.

32.     As a result of said breach by the Medical Groups and HHCC, Fundock has suffered damages.

33.     As a further result of the Medical Groups' and HHCC's conduct, Fundock has suffered and continues to suffer loss of self-esteem, humiliation, and embarrassment, as well as suffering severe and extreme emotional distress.

7

## V.   FIFTH COUNT – NEGLIGENCE AS TO THE MEDICAL GROUPS, HHCC, PARISI, AND STAHL

1-30.   Paragraphs 1-30 of the Fourth Count are incorporated as Paragraphs 1-30 of this Fifth Count as if fully set forth herein.

31.   The Medical Groups, HHCC, Parisi, and Stahl had a duty to keep Fundock's medical information private.

32.   The Medical Groups, HHCC, Parisi, and Stahl breached their duty to keep Fundock's medical information private by disclosing said information to parties who were not entitled to receive Fundock's private medical information, in violation of HIPPA and the Medical Groups' and HHCC's own privacy practices.

33.   As a result of said breach, Fundock has suffered damages.

34.   As a further result of the Defendants' conduct, Fundock has suffered and continues to suffer loss of self-esteem, humiliation, and embarrassment, as well as suffering severe and extreme emotional distress.

## VI.   SIXTH COUNT – NEGLIGENT MISREPRESENTATION AS TO THE MEDICAL GROUPS, HHCC, AND PARISI

1-30.   Paragraphs 1-30 of the Fourth Count are incorporated as Paragraphs 1-30 of this Sixth Count as if fully set forth herein.

30.   The Medical Groups, HHCC, and Parisi represented to Fundock that his private medical information would be kept private.

31.   The Medical Groups, HHCC, and Parisi failed to exercise reasonable care in communicating their intent to keep Fundock's information private when they knew or should have known that his information would not be held in confidence, in violation of HIPPA and the Medical Groups' and HHCC's own privacy practices.

8

32.     The Medical Groups, HHCC, and Parisi knew that by communicating the
Privacy Policy to Fundock, Fundock would rely on the representations in it.

33.     Fundock relied on the Medical Groups', HHCC's, and Parisi's
representations to his detriment, and suffered damages.

## VII.     SEVENTH COUNT – INTENTIONAL MISREPRESENTATION AS TO THE MEDICAL GROUPS, HHCC, PARISI AND STAHL

1-24.     Paragraphs 1-24 of the Third Count are incorporated as Paragraphs 1-24
of this Seventh Count as if fully set forth herein.

25.     The Medical Groups, HHCC, and Parisi intentionally misrepresented to
Fundock that Parisi was aware that Fundock had delivered private medical information
to Parisi by mistake and that Parisi had simply deleted the communication when in fact
Parisi had forwarded Fundock's private medical information to Stahl.

26.     By way of a letter dated August 29, 2013, the Medical Groups and/or
HHCC admitted to Fundock that Parisi had forwarded Fundock's confidential health
information to Stahl because she thought that Fundock meant to provide the information
his prior supervisor, who was Stahl.

27.     At no time prior to the letter dated August 29, 2013 did the Medical
Groups, HHCC, Parisi, or Stahl notify Fundock that Parisi had delivered Fundock's
private medical information to Stahl.

28.     The Medical Groups, HHCC, and Parisi told Fundock that Parisi had
deleted his private medical information in order to induce Fundock to rely on their
representation and to gain an unfair advantage over Fundock with regard to his
Workers' Compensation Claim.

9

29.    Fundock relied on the misrepresentation made by the Defendants, to his detriment, and suffered damages.

## VIII.   EIGHTH COUNT – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AS TO THE MEDICAL GROUPS, HHCC, PARISI, AND STAHL

1-30.   Paragraphs 1-30 of the Fourth Count are incorporated as Paragraphs 1-30 of this Eighth Count as if fully set forth herein.

31.    The Medical Groups, HHCC, Parisi and Stahl engaged in conduct that they knew or should have known involved an unreasonable risk of causing emotional distress which might result in illness or bodily injury.

32.    The conduct of the Medical Groups, HHCC, Parisi, and Stahl has caused emotional distress to Fundock.

33.    Fundock has sought medical treatment for the distress caused by the Medical Groups, HHCC, Parisi, and Stahl, which has caused him illness and bodily harm, for which he is seeking damages.

## IX.   NINTH COUNT – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO THE MEDICAL GROUPS, HHCC, PARISI, AND STAHL

1-30.   Paragraphs 1-30 of the Fourth Count are incorporated as Paragraphs 1-30 of this Ninth Count as if fully set forth herein.

31.    By disseminating his private medical information and using said information against Fundock in his Workers Compensation Claim, the Medical Groups, HHCC, Parisi, and Stahl intended to inflict emotional distress on Fundock and/or knew or should have known that emotional distress was the likely result of their conduct.

32.     The conduct of the Medical Groups, HHCC, Parisi, and Stahl was extreme and outrageous, and outside the bounds of human decency, and has caused Fundock emotional distress.

33.     Fundock has sought medical treatment for the distress caused by the Medical Groups, HHCC, Parisi, and Stahl, which has caused him illness and bodily harm, for which he is seeking damages.

11

**WHEREFORE,** Fundock claims:

1. Damages;

2. Punitive damages, including attorneys' fees,

3. Treble damages pursuant to *Gen. Stat.* §§ 31-290c(a) and § 52-564,

4. Reasonable costs; and

5. Such other relief as the Court may deem proper and equitable.

Dated at West Hartford, Connecticut this 2nd day of April, 2015.

> THE PLAINTIFF,
> JOHN FUNDOCK
> By: _____
> Matthew D. Gordon, his attorney,
> Matthew Dallas Gordon, LLC
> 836 Farmington Avenue, Ste 221A
> West Hartford, CT 06119
> Tele: 860-523-0471
> Juris No. 423852

A TRUE COPY
ATTEST:

EDWARD W. JURGELAS
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

12

RETURN DATE: APRIL 21, 2015        : SUPERIOR COURT

JOHN FUNDOCK                 : J.D. OF HARTFORD

V.                                : AT HARTFORD

IMMEDIATE MEDICAL CARE CENTER, INC.,   : APRIL 2, 2015
D/B/A HARTFORD MEDICAL GROUP, ET AL.

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand, is Fifteen Thousand ($15,000)

or more, exclusive of interests or costs.


THE PLAINTIFF,
JOHN FUNDOCK
By: _____
Matthew D. Gordon, his attorney,
Matthew Dallas Gordon, LLC
836 Farmington Avenue, Ste 221A
West Hartford, CT 06119
Tele: 860-523-0471
Juris No. 423852


A TRUE COPY
ATTEST:

EDWARD W. JURGELAS
CONNECTICUT STATE MARSHAL
HARTFORD COUNTY

13

Exhibit A

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

John Fundock
**COMPLAINANT**

CHRO No. 1310412

vs.

Immediate Medical Care Center, Inc.
d/b/a Hartford Medical Group
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

March 27, 2015
DATE

Tanya A. Hughes, Executive Director

cc:  Nicholas N. Ouellette, Esq., via email: nouellette@mdgordonlaw.com
     Brenda A. Eckert, Esq., via email: beckert@goodwin.com

**REVISED ON 3/30/15**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

John Fundock
**COMPLAINANT**

CHRO No. 1310412

vs.

Immediate Medical Care Center, Inc.
d/b/a Hartford Medical Group; HHC
PhysiciansCare, Inc. d/b/a Hartford
HealthCare Medical Group
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

March 27, 2015
DATE

*Tanya A. Hughes*
Tanya A. Hughes, Executive Director

cc:  Nicholas N. Ouellette, Esq., via email: nouellette@mdgorodonlaw.com
     Brenda A. Eckert, Esq., via email: beckert@goodwin.com

# Exhibit B



## State of Connecticut Judicial Branch
# Civil and Family E-Services

**Attorney/Firm:** LITTLER MENDELSON P.C. (426891)          **E-Mail:** gobrien@littler.com   Logout

__Hide Instructions__                **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Civil/Family Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

[ Print This Page ]

### Confirmation of E-filed Transaction  (print this page for your records)

| | |
|---|---|
| **Docket Number:** | <u>HHD-CV-15-6058615-S</u> |
| **Case Name:** | FUNDOCK, JOHN v. IMMEDIATE MEDICAL CARE CENTER, INC. D/B/A HARTFORD Et Al |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | May-1-2015 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| | |
| **Date and Time of Transaction:** | Friday, May 01, 2015 2:11:20 PM |

[ E-File Another Pleading/Motion/Other document on this Case ]

[ Return to Civil / Family Menu ]          [ Return to Case Detail ]

Copyright © 2015, State of Connecticut Judicial Branch

DOCKET NO. HHD-CV15-6058615-S           :        JUDICIAL DISTRICT

JOHN FUNDOCK                            :        OF HARTFORD

    v.                                 :        AT HARTFORD

IMMEDIATE MEDICAL CARE CENTER,
INC. d/b/a HARTFORD MEDICAL GROUP,
HHC PHYSICIANSCARE, INC. d/b/a
HARTFORD MEDICAL GROUP, HARTFORD
HEALTHCARE CORPORATION, RITA
PARISI and KENT STAHL                   :        May 1, 2015

## NOTICE TO SUPERIOR COURT OF FILING
## OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Immediate Medical Care Center, Inc., HHC PhysiciansCare, Inc., Hartford Healthcare Corporation, Rita Parisi and Kent Stahl have filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

IMMEDIATE MEDICAL CARE CENTER,
INC. d/b/a HARTFORD MEDICAL GROUP,
HHC PHYSICIANSCARE, INC. d/b/a
HARTFORD MEDICAL GROUP, HARTFORD
HEALTHCARE CORPORATION, RITA
PARISI and KENT STAHL


/s/ Elizabeth R. McKenna
Lori B. Alexander (CT08970)
Elizabeth R. McKenna (CT28113)
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexandr@littler.com
emckenna@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2015, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Matthew Gordon, Esq.
Matthew Dallas Gordon, LLC
836 Farmington Avenue, Suite 221A
West Hartford, CT 06119

*Counsel for Plaintiff John Fundock*

                              /s/ Elizabeth R. McKenna_____
                              Elizabeth R. McKenna